IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION


DAVID L. LANINGHAM                                                              PLAINTIFF

V.                                          NO. 13-5065

CAROLYN W. COLVIN,[1]
Acting Commissioner of the Social Security Administration            DEFENDANT


## MEMORANDUM OPINION


     Plaintiff, David L. Laningham, brings this action pursuant to 42 U.S.C. § 405(g), seeking

judicial review of a decision of the Commissioner of the Social Security Administration

(Commissioner) denying his claim for a period of disability and disability insurance benefits

(DIB) under the provisions of Title II of the Social Security Act (Act). In this judicial review, the

Court must determine whether there is substantial evidence in the administrative record to

support the Commissioner's decision. See 42 U.S.C. § 405(g).

**I.      Procedural Background:**

     Plaintiff filed his current application for DIB on April 12, 2010, alleging an inability to

work since September 15, 2009, due to depression, bipolar disease, heart condition, and

agoraphobia. (Tr. 100-101, 114, 123).  An administrative hearing was held on December 2, 2011,

at which Plaintiff appeared with counsel and testified. (Tr. 29-54).

---

[1]Carolyn W. Colvin, has been appointed to serve as acting Commissioner of Social Security, and is substituted as
Defendant, pursuant to Rule  25(d)(1) of the Federal Rules of Civil Procedure.

AO72A
(Rev. 8/82)

By written decision dated February 22, 2012, the ALJ found that Plaintiff had an impairment or combination of impairments that were severe - atrial fibrillation status post ablation, morbid obesity, sleep apnea, and bipolar disorder. (Tr. 16). However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 16). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> perform sedentary work as defined in 20 CFR 404.1567(a). He is able to occasionally lift and/or carry 10 pounds, frequently lift and/or carry up to 10 pounds, stand and/or walk at least 2 hours out of an 8-hour workday, and sit at least 6 hours out of an 8-hour workday, all with normal breaks. The claimant is limited to unskilled work.

(Tr. 18). With the help of the vocational expert (VE), the ALJ determined that Plaintiff was unable to perform his past relevant work, but there were jobs Plaintiff would be able to perform, such as bench hand and machine feeder. (Tr. 22).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which considered additional evidence and denied that request on February 6, 2013. (Tr. 1-8). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 7). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 13, 14).

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs, and are repeated here only to the extent necessary.

## II.    Applicable Law:

This Court's role is to determine whether the Commissioner's findings are supported by

-2-

substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F. 3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F. 3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F. 3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F. 3d 1211, 1217 (8th Cir. 2001); see also 42 U.S.C. §§423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§423(d)(3), 1382(3)(D). A Plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant had engaged in substantial

-3-

gainful activity since filing his claim; (2) whether the claimant had a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) met or equaled an impairment in the listings; (4) whether the impairment(s) prevented the claimant from doing past relevant work; and (5) whether the claimant was able to perform other work in the national economy given his age, education, and experience.  See 20 C.F.R. §416.920.  Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of his residual functional capacity (RFC).  See McCoy v. Schneider, 683 F.2d 1138, 1141-42 (8th Cir. 1982);  20 C.F.R. §416.920.

**III.   Discussion:**

Plaintiff raises the following issues on appeal: 1) The ALJ erred in failing to fully and fairly develop the record; 2) The ALJ erred at steps two and three; 3) The ALJ erred in failing to evaluate the claim under SSR 00-3P evaluation of obesity; and 4) The ALJ erred in his RFC determination.

**A.      Failure to Fully and Fairly Develop the Record:**

Plaintiff argues that because the ALJ rejected Ms.Valerie McFarland's opinion, as she was not a medically acceptable source, he should have requested clarification from the VA Mental Health Clinic's psychiatrist, Dr. Thomas Reneghan, if he was unsatisfied with counselor McFarland's RFC treating source opinion.

The ALJ has a duty to fully and fairly develop the record.  See Frankl v. Shalala, 47 F.3d 935, 938 (8th Cir. 1995);  Freeman v. Apfel, 208 F.3d 687, 692 (8th Cir. 2000).  This is particularly true when Plaintiff is not represented by counsel.  Payton v. Shalala, 25 FG.3d 684, 686 (8th Cir. 1994).  This can be done by re-contacting medical sources and by ordering

-4-

additional consultative examinations, if necessary. See 20 C.F.R. § 404.1512. The ALJ's duty to fully and fairly develop the record is independent of Plaintiff's burden to press his case. Vossen v. Astrue, 612 F.3d 1011, 1016 (8th Cir. 2010). However, the ALJ is not required to function as Plaintiff's substitute counsel, but only to develop a reasonably complete record. See Shannon v. Chater, 54 F.3d 484, 488 (8th Cir. 1995)("reversal due to failure to develop the record is only warranted where such failure is unfair or prejudicial"). "The regulations do not require the Secretary or the ALJ to order a consultative evaluation of every alleged impairment. They simply grant the ALJ the authority to do so if the existing medical sources do not contain sufficient evidence to make a determination." Matthews v. Bowen, 879 F.2d 423, 424 (8th Cir. 1989).

The ALJ had before him the medical records of the VA mental health providers, the Mental Evaluation of Terry L. Efird, Ph.D., performed on June 1, 2010, the Psychiatric Review Technique Form and Mental RFC Assessment completed by non-examining consultant, Dr. Kay Cogbill, the Case Analysis of non-examining consultant, Sheri L. Simon, Ph.D., dated September 20, 2010, and the Mental RFC Assessment, Short Form, completed by Valerie McFarland, MSW, LCSW, dated November 30, 2011. The ALJ considered counselor McFarland's records as well as her Mental RFC Assessment. (Tr. 20-21). He noted that in her assessment form, Ms. McFarland diagnosed Plaintiff with PTSD, moderate, and bipolar with depressive features, and indicated that Plaintiff had poor ability or was markedly limited in several areas. (Tr. 21). Notably, the form required a M.D./Ph.D. co-signature, and the ALJ pointed out that there was no physician's signature on the form. (Tr. 21). In addition, none of the other physicians indicated that Plaintiff was markedly limited, or had poor ability regarding his mental impairments. It is

-5-

clear that the ALJ considered Ms. McFarland's opinion, but found the remaining medical evidence to be more persuasive, especially in light of the fact that Ms. McFarland was a non-medical source.

The Court finds that the ALJ did not fail to fully and fairly develop the record, as the existing evidence was adequate for the ALJ to make a determination regarding Plaintiff's mental impairments.

> **B.    The ALJ erred at steps two and three:**

Plaintiff argues that the ALJ should have included a written analysis rejecting his alleged PTSD or anxiety-related disorder with agoraphobia as a severe impairment.

An impairment is severe within the meaning of the regulations if it significantly limits an individual's ability to perform basic work activities. 20 C.F.R. §§ 1520(a)(4)ii), 416.920(a)(4)(ii).  An impairment or combination of impairments is not severe when medical and other evidence establish only a slight abnormality or a combination of slight abnormalities that would have no more than a minimal effect on an individual's ability to work.  20 C.F.R. § § 404.1521, 416.921.  The Supreme Court has adopted a "de minimis standard" with regard to the severity standard.  Hudson v. Bowen, 870 F.2d 1392, 1395 (8th Cri. 1989).

It is noteworthy that Plaintiff did not allege PTSD in his Undated Disability Report - Adult. (Tr. 114). See Dunahoo v. Apfel, 241 F.3d 1033, 1039 (8th Cir. 2001)(failure to allege disabling mental impairment in application is significant, even if evidence of depression is later developed).  In addition, as indicated earlier, there was no physician's signature on the Mental RFC assessment completed by Ms. McFarland, who diagnosed Plaintiff with PTSD.  Also, the ALJ did not give controlling weight to Mr. McFarland's opinion that Plaintiff suffered from

AO72A
(Rev. 8/82)

PTSD and had marked limitations because he noted her to be an "other source." (Tr. 22). "Having provided reasons for rejecting the rationale of an 'other medical source,' the ALJ was justified in embracing a better supported opinion from a consultative doctor." <u>Fulkerson v. Colvin</u>, 2013 WL 1628411 at *4 (W.D. Mo., Apr. 16, 2013). The ALJ also noted that VA Psychiatrist Thomas Reneghan, M.D. diagnosed Plaintiff with bipolar disorder, NOS. (Tr. 21). In addition, Dr. Terry L. Efird diagnosed Plaintiff with bipolar disorder, and not PTSD or anxiety disorder with agoraphobia. (Tr. 354). As stated by Defendant, because a counselor, not a physician, diagnosed Plaintiff with PTSD and panic disorder with agoraphobia, and the record did not reflect significant symptoms associated with these impairments, or any inability to work with these symptoms, Plaintiff has failed to carry his burden of establishing these impairments as severe impairments.  Finally, the ALJ provided for Plaintiff's mental impairment by limiting him to unskilled work.

With respect to Plaintiff's sleep apnea, Plaintiff argues that since the ALJ determined this impairment to be a severe impairment at Step Two, he should have reviewed the applicable listing (Listing 3.10) at Step Three as required by the sequential evaluation. However, Plaintiff provides no support for his position that Plaintiff's sleep apnea met Listing 3.10, but makes the conclusory assertion that Plaintiff's sleep apnea met said listing . Therefore, the Court will not address this argument further. <u>See</u> <u>Vandenboom v. Barnhart</u>, 421 F.3d 745, 750 (8th Cir. 2005)(rejecting Plaintiff's conclusory assertion that she met the listings).

Based upon the foregoing, as well as those reasons given in Defendant's well-stated brief, the Court finds there is substantial evidence to support the ALJ's findings regarding Step 2 and Step 3 of the evaluation.

-7-

### C.    Evaluation of Obesity:

Plaintiff argues that the ALJ did not consider his obesity at all stages of the sequential

evaluation, including not determining that Plaintiff's obesity limited his physical ability to do

basic work activities. In his opinion, the ALJ specifically addressed Plaintiff's obesity, stating

that is it now evaluated under the criteria set down in SSR 02-1p. The ALJ continued:

> Obesity is considered a medically determinable impairment that can cause
> limitation of function. The combined effects of obesity with other
> impairments may be greater than without the obesity. Therefore, the
> impact of obesity upon the claimant's ability to perform work related
> activities must be considered in arriving at the residual functional
> capacity.

(Tr. 17).  Clearly, the ALJ considered the impact of Plaintiff's obesity in arriving at his residual

functional capacity. In addition, although the non-examining state agency consultants opined that

Plaintiff would be able to perform light work, the ALJ found that sedentary work appeared more

reasonable "in light of the claimant's combined conditions." (Tr. 22). The ALJ also took note

of Plaintiff's daily activities, as well as the fact that he attended school full time. (Tr. 22).

Based upon the foregoing, the Court finds there is substantial evidence to support the fact

that the ALJ considered Plaintiff's obesity in determining his RFC.

### D.    RFC determination:

Plaintiff argues that the ALJ's finding that Plaintiff could engage in sedentary work was

not supported by the medical evidence or the testimony.

RFC is the most a person can do despite that person's limitations. 20 C.F.R. §

404.1545(a)(1).  It is assessed using all relevant evidence in the record. Id.  This includes medical

records, observations of treating physicians and others, and the claimant's own descriptions of

AO72A
(Rev. 8/82)

his limitations.  Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005); Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004).  Limitations resulting from symptoms such as pain are also factored into the assessment.  20 C.F.R. § 404.1545(a)(3).  The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question."  Lauer v. Apfel, 245 F.3d 700, 704 (8th Cir. 2001).  Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace.  Lewis v. Barnhart, 353 F.3d 642, 646 (8th Cir. 2003).  "[T]he ALJ is [also] required to set forth specifically a claimant's limitations and to determine how those limitations affect his RFC."  Id.

In this case, the ALJ considered all of the medical records and gave some weight to the State agency medical consultant's opinion, which shows Plaintiff could perform light work, and gave considerable weight to the Mental RFC Assessment of Dr. Kay Cogbill, who opined Plaintiff was able to perform unskilled work. (Tr. 22). The ALJ did not give Ms. McFarland's opinion controlling weight, as Ms. McFarland is a licensed therapist (not an "acceptable source"). (Tr. 22).

The Court finds that based upon the foregoing, and considering the record as a whole, as well as those reasons given in Defendant's well-stated brief, there is substantial evidence to support the ALJ's RFC determination.

**IV.   Conclusion:**

Accordingly, having carefully reviewed the record, the Court finds substantial evidence supporting the ALJ's decision denying the Plaintiff benefits, and thus the decision is hereby affirmed.  The Plaintiff's Complaint should be, and is hereby, dismissed with prejudice.

-9-

IT IS SO ORDERED this 11th day of June, 2014.

/s/ *Erin L. Setser*
HONORABLE ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE

-10-